IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL JOSEPH GRUENFELDER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0646-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Daniel Joseph Gruenfelder, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated sexual assault and sentenced him to 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Gruenfelder v. State*, No. 08-02-00149-CR, 2003 WL 22370324 (Tex. App.--El Paso, Oct. 16, 2003, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Gruenfelder*, WR-62,601-01 (Tex. Crim. App. Jan. 10, 2007). Petitioner then filed this action in federal district court.

II.

In six grounds for relief, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) he received ineffective assistance of counsel at trial and

on appeal; (3) he was denied meaningful appellate review; (4) article 38.07 of the Texas Code of Criminal Procedure is unconstitutional; (5) the trial court abused its discretion by excluding certain evidence and preventing his attorney from effectively cross-examining the victim; and (6) his conviction was the result of jury misconduct.

A.

As a preliminary matter, respondent argues that many of petitioner's claims are procedurally barred from federal habeas review. These claims are: (1) the evidence was legally and factually insufficient to support his conviction; (2) trial counsel did not obtain a complete record, failed to object to narrative and non-responsive testimony by the victim, and did not effectively cross-examine a prosecution witness; (3) he received ineffective assistance of counsel on appeal; (4) he was denied meaningful appellate review; and (5) his conviction was the result of jury misconduct.[1]

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be

---

[1] Respondent also contends that discrete parts of petitioner's claim challenging certain evidentiary rulings made by the trial court are procedurally barred because they were raised for the first time in his state writ. (*See* Resp. Ans. at 7-8). Although the failure to raise a claim on direct appeal may be "an adequate state ground capable of barring federal habeas review," *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 2059 (2006), *citing Ex parte Gardner*, 959 S.W.2d 189, 199 (Tex. Crim. App. 1996), the state habeas court did not rely on this state procedural rule in denying post-conviction relief. Instead, petitioner's evidentiary claims were considered and rejected on the merits. *See Ex parte Gruenfelder*, WR-62,601-01, Supp. Tr. at 3, ¶¶ 7-8.

strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). A petitioner can overcome a procedural default only by showing: (1) cause for the default and actual prejudice; or (2) that the application of the state procedural bar would result in a fundamental miscarriage of justice. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000).

2.

Although petitioner challenged both the legal and factual sufficiency of the evidence on direct appeal, he did not raise a legal sufficiency claim in his petition for discretionary review. Instead, this claim was presented to the Texas Court of Criminal Appeals for the first time in an application for state post-conviction relief. Because Texas law does not allow a prisoner to collaterally attack the sufficiency of the evidence in a writ of habeas corpus, *see Ex parte Easter*, 615 S.W.2d 719, 721 (Tex. Crim. App.), *cert. denied*, 102 S.Ct. 481 (1981),[2] the state habeas court rejected petitioner's legal sufficiency claim on procedural grounds. *Ex parte Gruenfelder*, WR-62,601-01, Supp. Tr. at 3-4, ¶¶ 10-11. Petitioner is therefore procedurally barred from challenging the legal sufficiency of the evidence on federal habeas review. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Clark v. Dretke*, No. 3-03-CV-0844-K, 2003 WL 23194586 at *3 (N.D. Tex. Oct. 28, 2003), *rec. adopted*, 2003 WL 23015087 (N.D. Tex. Nov. 14, 2003), *appeal dism'd*, No. 03-11321 (5th Cir. Mar. 24, 2004).

---

[2] Texas law permits a defendant to raise a "no evidence" claim for the first time on collateral review where the conviction is totally devoid of any evidentiary support. *See Ex parte Barfield*, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978). However, where a defendant merely challenges the sufficiency of the evidence to support a conviction, such a claim must be raised on direct appeal. *See Ex parte Williams*, 703 S.W.2d 674, 679-80 (Tex. Crim. App. 1986). The crux of petitioner's claim, as presented on direct appeal, is that the victim consented to having sexual relations with him and that she lied at trial. *See Gruenfelder*, 2003 WL 22370324 at *2. Such an argument implicates the sufficiency of the evidence and cannot be litigated under the guise of a "no evidence" claim. *See Gardner v. Dretke*, No. 3-04-CV-1074-G, 2004 WL 2008499 at *1 n.1 (N.D. Tex. Sept. 8, 2004), *rec. adopted*, 2004 WL 2187110 (N.D. Tex. Sept. 28, 2004), *citing Williams*, 703 S.W.2d at 679-80.

3.

Petitioner is also barred from challenging the factual sufficiency of the evidence. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, No. 3-04-CV-2015-D, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004) (citing cases).

4.

Petitioner did not raise any of the following claims on state collateral review: (1) trial counsel did not obtain a complete record, failed to object to narrative and non-responsive testimony by the victim, and did not effectively cross-examine a prosecution witness; (2) he received ineffective assistance of counsel on appeal; (3) he was denied meaningful appellate review; and (4) his conviction was the result of jury misconduct. *See Ex parte Gruenfelder*, WR-62,601-01, Tr. at

7. Nor were these claims presented to the Texas Court of Criminal Appeals on direct appeal. Although petitioner alluded to possible jury misconduct in his appellate brief and in his petition for discretionary review, his precise claim was that the trial court abused its discretion by failing to conduct a hearing on his motion for new trial. *See Gruenfelder*, 2003 WL 22370324 at *5. The court therefore concludes that none of these claims are properly exhausted. *See Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir. 2003) (holding that federal claim must be "substantial[ly] equivalent" to claim brought before the state court in order to satisfy exhaustion requirement); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement[.]").

While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust his previously unexhausted claims, *see Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533-34, 161 L.Ed.2d 440 (2005), Texas law prohibits a prisoner from filing a second or successive habeas petition if the grounds stated therein could have been, but were not, raised in a prior state writ. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 (Vernon 2005).[3] This procedural bar also applies to unexhausted claims if the state court would

---

[3] The statute provides, in relevant part, that:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

likely dismiss a successive habeas petition under article 11.07, § 4. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"). The court finds that a Texas court, if presented with a successive writ filed by petitioner, would likely find it barred. Consequently, federal habeas relief is not proper. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

B.

Petitioner further alleges that article 38.07 of the Texas Code of Criminal Procedure is unconstitutional because it reduces the state's burden of proof and authorizes criminal convictions based on the victim's uncorroborated testimony. At the time the instant offense was committed, article 38.07 provided:

> A conviction [for aggravated sexual assault] is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred. The requirement that the victim inform another person of an alleged offense does not apply if the victim was younger than 18 years of age at the time of the alleged offense.

TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon 1999).[4] As the state habeas court correctly found,

---

    (2)    by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

[4] Article 38.07 was amended by the Texas legislature in 2001 to create more exceptions to the requirement that the state produce corroborating evidence when the victim delays reporting a sexual assault.

article 38.07 does not apply to this case because the victim's testimony was corroborated by her injuries, photographs, and hospital records. *See Ex parte Gruenfelder*, WR-62,601-01, Supp. Tr. at 4, ¶ 12-13. Nor does the statute violate due process by reducing the state's burden of proof. *See Carmell v. Director, TDCJ-CID*, No. 4-02-CV-421, 2006 WL 543990 at *7 (E.D. Tex. Mar. 6, 2006), *citing Lindquist v. State*, 922 S.W.2d 223, 228 (Tex. App.--Austin 1996, pet. ref'd) ("[A]rticle 38.07 . . . does not permit conviction on *less* evidence . . . because . . . the State maintains the burden of proving all elements of the penal code provision beyond a reasonable doubt[.]") (emphasis in original). This ground for relief is without merit and should be overruled.

C.

Next, petitioner contends that the trial court abused its discretion by making "arbitrary and capricious" evidentiary rulings. In particular, petitioner alleges that the trial judge: (1) excluded the testimony of Christine Dykes, a key defense witness; (2) prevented defense counsel from effectively cross-examining the victim; (3) excluded a letter written by the victim wherein she admitted being ashamed of her conduct; (4) excluded evidence of his actual innocence; and (5) made "disparate" rulings throughout the trial.

The misapplication of state law and state procedural rules is not cognizable in a federal habeas proceeding unless the petitioner can establish that the error deprived him of a fair trial. *See Jackson v. Johnson*, 194 F.3d 641, 656 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1437 (2000). Although petitioner argues in his federal writ that the trial court's evidentiary rulings violated his right to due process, that constitutional argument was never made on direct appeal or state collateral review. Instead, petitioner challenged the trial court's rulings solely under Texas law. *See Gruenfelder*, 2003 WL 22370324 at *4; *Ex parte Gruenfelder*, WR-62,601-01, Tr. at 8. To the

extent petitioner seeks federal habeas relief on those grounds, his claim is not cognizable under 28 U.S.C. § 2254. Otherwise, this claim is not properly exhausted.

D.

With respect to those ineffective assistance of counsel claims that are not barred from federal habeas review, petitioner contends that his attorney: (1) failed to object to the admission of extraneous offense evidence; (2) did not properly investigate the case; and (3) failed to object when the prosecutor asked questions intended to "bolster" the credibility of the victim.[5]

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067.

Where, as here, a state court has already rejected an ineffective assistance of counsel claim, a federal court may grant habeas relief only if the state court adjudication:

---

[5] Respondent correctly points out that petitioner raised these claims in a conclusory fashion in his state writ. *See Ex parte Gruenfelder*, WR-62,601-01, Tr. at 7. Although petitioner's federal writ is more detailed, none of the facts supporting his ineffective assistance of counsel claim were presented to the state court. This deficiency makes the claim unexhausted. *See Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (petitioner fails to exhaust available state remedies when he presents "material additional evidentiary support . . . that was not presented to the state court"). Because petitioner is not entitled to habeas relief in any event, the court will consider this claim on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 411-13, 120 S.Ct. 1495, 1522-24, 146 L.Ed.2d 389 (2000). A state court decision is contrary to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir.), *cert. denied*, 124 S.Ct. 2812 (2004), *citing Williams*, 120 S.Ct. at 1523. A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 120 S.Ct. at 1523; *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). Factual determinations made by state courts are presumed to be correct and are unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2.

Petitioner was charged with the aggravated sexual assault of his then-wife, Allison Gruenfelder. At trial, Allison testified that petitioner forced her to perform oral sex on him and sodomized her multiple times over a two-day period. (SF-III at 13, 19, 21, 26-28). Prior to being sexually assaulted, Allison had been "slapped around" by petitioner and hit in the head with various objects, including a telephone and a back scrubber. (*Id.* at 11-12). Petitioner told Allison that "he was going to de-face me, de-fingerprint me and take all my teeth out so I could not be identified and

he would scatter my body parts on the back side of Kentucky so no one would ever find me." (*Id.* at 12). The beatings continued into the next day until Allison, who called her sister from a neighbor's house, was removed from the home by family members. (*Id.* at 31-32, 41-43). Petitioner defended the case on the theory that Allison consented to having sexual relations with him and fabricated the assault. (*See* SF-IV at 23-26, 43). The jury rejected petitioner's defense, found him guilty of aggravated sexual assault, and sentenced him to 50 years in prison. (St. App. Tr. at 92, 99).

Dissatisfied with the outcome of the trial, petitioner now blames his attorney for failing to object to the admission of extraneous offense evidence, for not properly investigating the case, and for allowing the prosecutor to bolster Allison's credibility. Apparently, petitioner believes that evidence of conduct not specifically alleged in the indictment, such as forcing his wife to engage in oral and anal sex, making threats in the presence of witnesses, and his history of family violence, were inadmissible at trial. (*See* Pet. Mem. Br. at 38-39). However, the introduction of extraneous offense evidence does not violate due process if the state makes a strong showing that the defendant committed the extraneous offense and demonstrates that the offense is rationally connected to the pending charge. *See Bagley v. Collins*, 1 F.3d 378, 380-81 (5th Cir. 1993), *citing Story v. Collins*, 920 F.2d 1247, 1254 (5th Cir. 1991). Here, there is no question that petitioner committed each of the extraneous acts testified to by Allison and the other witnesses. Petitioner's prior conduct was relevant to negate his defense that Allison consented to having oral and anal intercourse and, instead, submitted to petitioner because she feared for her life. There simply was no basis for counsel to object to this evidence.

Nor was counsel ineffective for failing to investigate the case. In a sworn affidavit submitted to the state habeas court, petitioner's attorney, Bryan Sample, stated that he investigated the case

prior to trial. That investigation included giving petitioner a polygraph test, which he failed. *See Ex parte Gruenfelder*, WR-62,601-01, Supp. Tr. at 6. The state court accepted Sample's testimony and found that petitioner received effective assistance of counsel. (*Id.* at 3, ¶ 5). In an attempt to rebut that finding, petitioner alleges that Sample should have conducted "other forms of investigation," such as interviewing his neighbors, subpoenaing 911 tapes, and obtaining photographs of injuries he sustained in an automobile accident. (*See* Pet. Mem. Br. at 39-40). The record shows that Sample questioned petitioner at length about injuries he sustained in an automobile accident prior to the alleged sexual assault. (*See* SF-IV at 16-20). Thus, this evidence was before the jury. Although petitioner believes his attorney should have interviewed other witnesses and obtained copies of 911 tapes from the police, there is no indication of what this further investigation would have revealed. Without such evidence, the court cannot begin to analyze a claim of ineffective assistance of counsel.

Finally, petitioner accuses his attorney of allowing the prosecutor to "bolster" the credibility of the victim. At issue are questions asking Allison to describe the circumstances surrounding the sexual assault, including the threats made by petitioner and acts of physical violence directed towards her. (*See* Pet. Mem. Br. at 35-38). None of these questions were improper. The prosecutor merely inquired about the facts surrounding the alleged sexual assault. Moreover, even if the questions were calculated to "bolster" the credibility of the witness, counsel may have believed that "the dangers inherent in objecting-- losing the objection or appearing obstructionist to the jury-- outweighed the marginal benefit in preventing the bolstering." *Jordan v. Dretke*, No. 3-02-CV-0086-P, 2006 WL 536599 at *5 (N.D. Tex. Feb. 24, 2006), *rec. adopted*, 2006 WL 1416750 (N.D. Tex. May 22, 2006), *quoting Knox v. Johnson*, 224 F.3d 470, 480 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1610 (2001). Counsel was not ineffective in this regard.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 10, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE